107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
M. Joe MICHLES, Plaintiff-Appellant,
v.
MEDICAL COLLEGE OF OHIO AT TOLEDO, Defendant-Appellee.
 No. 95-4165.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1997.
 
 1
 Before: SILER and BATCHELDER, Circuit Judges; HULL, District Judge.*
 
 ORDER
 
 2
 M. Joe Michles, proceeding pro se, appeals a district court order dismissing his civil suit filed under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12201 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Michles sued his former employer, asserting that the defendant wrongfully terminated him because of his disability and did not reasonably accommodate him. Upon the defendant's motion, the district court granted summary judgment in favor of the defendant.
 
 
 4
 In his timely appeal, Michles reasserts his same claims and requests oral argument. He also argues that his deposition testimony concerning his inability to work has been misconstrued.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment to the defendant. See Fed.R.Civ.P. 56(c); Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Michles is not entitled to relief because he did not meet his burden of showing that he was otherwise qualified for his position, even with a reasonable accommodation. See Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 882-83 (6th Cir.1996). He admits that his headaches are not under control and that he cannot lift; he also states that he has not been physically or psychologically capable of working since the accident. Thus, Michles lacks standing to bring this suit. See Parker v. Metropolitan Life Ins. Co., No. 95-5269, 1996 WL 613142, at * 3-6 (6th Cir. Oct. 25, 1996).
 
 
 6
 On appeal, Michles argues that his deposition testimony that he could not work has been misconstrued. He purportedly meant that he could not work as a registered nurse, and did not mean he could not work as a respiratory care practitioner. However, the record does not contain any evidence that he could work as a respiratory care practitioner in spite of his headaches and his inability to lift.
 
 
 7
 Accordingly, Michles's request for oral argument is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation